

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0018-22 & PD-0019-22

**THE STATE OF TEXAS**

**v.**

**SEBASTIAN TORRES, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

**NEWELL, J., filed a concurring opinion.**

I agree with the court of appeals that the statement at issue in this case should have been suppressed. However, I disagree with the interpretation of the statute that the Court relies on to justify the same conclusion. The Court fails to adequately address the State's textual argument, and ultimately avoids a much simpler resolution of this case. Rather than interpret the ambiguous phrase "uses the

procedure" in the statute to essentially mean "starts the procedure," I would focus instead on where the "procedure" at issue broke down. The problem in this case is that the officers failed to bring the juvenile and the recording of the juvenile's statement back to the magistrate judge despite the judge's recorded request. This violation of the Family Code requires suppression under Article 38.23 of the Code of Criminal Procedure under the facts of this case without regard to whether the magistrate merely started or completely used the "procedure."[1]

As alluded to above, the Court does not adequately address the State's position that a magistrate does not "use" a procedure by merely initiating it. There is textual support for this position in the operative sentence at issue in Family Code § 51.095(f).[2] That statute targets the magistrate's determination that the juvenile has given a statement voluntarily. This determination necessarily comes at the end of the "procedure" at issue, providing support for the State's argument that the statute requires use of the entire procedure not just

---

[1] *See Gonzales v. State*, 67 S.W.3d 910, 913 (Tex. Crim. App. 2002) (recognizing that Article 38.23(a) provides the proper mechanism for excluding evidence in violation of the Family Code) (citing *Baptist Vie Le v. State*, 993 S.W.2d 650, 656 n. 14 (Tex. Crim. App. 1999)); *see also Comer v. State*, 776 S.W.2d 191, 196 (Tex. Crim. App. 1986) (holding that evidence obtained in violation of the Family Code should have been suppressed pursuant to Article 38.23(a)).

[2] Tex. Fam. Code Ann. § 51.095(f).

the beginning. Indeed, the statute was obviously designed to exclude a juvenile's involuntary statement after a magistrate determines that the statement was involuntary even though the statute was written more broadly than necessary to accomplish that goal.

Further, this voluntariness determination seems to be the textual focus of the statute given that other parts of the procedure can be skipped. For example, even though the magistrate may request that the recording of the statement be returned to him after it is made there is no requirement that the magistrate actually view it.[3] And, under the text of the statute, the magistrate is not required to speak with the juvenile to make a voluntariness determination.[4] The text of § 51.095(f) only requires the magistrate make a voluntariness determination and reduce it to writing after the juvenile and his recorded statement are brought back to the magistrate.[5] Again, this supports the State's contention that the "procedure" referred to in the text of the statute necessarily includes a voluntariness determination, not merely a request to start the process to make one.

---

[3] *See id.*

[4] *Id.* ("The magistrate may then view the recording with the child or have the child view the recording to enable the magistrate to determine whether the child's statements were given voluntarily.").

[5] *Id.*

Interpreting the phrase "uses the procedure" to mean "starting the procedure" has unintended consequences as well. This interpretation means that once a magistrate makes the request, the magistrate loses discretion despite the discretionary nature of the statute. As the court of appeals held below, "[o]nce the magistrate decides to follow the procedure, the statute explicitly makes admissibility conditional on the magistrate's finding of voluntariness."[6] This means that an otherwise voluntary statement must be excluded even in situations where the magistrate changes his or her mind about "using the procedure."

Rather than interpret an ambiguous phrase in the statute to place the burden on the magistrate to ensure that his or her lawful orders are carried out, I would focus instead on the real breakdown in procedure in this case. There is no question that § 51.095(f) required the officers in this case to return the juvenile and the recording of the juvenile's statement to the magistrate after the officers had taken the juvenile's statement. This violation of the Family Code can be addressed through resort to a different Family Code provision.

---

[6] *State v. Torres*, 639 S.W.3d 791, 799 (Tex. App.—Corpus Christi 2021).

Family Code § 51.17 provides that Chapter 38 of the Code of Criminal Procedure applies in a judicial proceeding under this title.[7] We have held that Article 38.23 can apply to violations of the Family Code in juvenile cases when the text of the statute does not provide an independent exclusionary basis.[8] Though § 51.095(f) provides an independent basis for exclusion when a magistrate "uses the procedure" outlined in that section, it does not provide a basis for exclusion when the magistrate does not use the procedure. Under those circumstances, Article 38.23 would necessarily apply. Applying Article 38.23 in this case justifies the trial court's order suppressing the juvenile's statement.[9]

With these thoughts, I concur in the Court's judgment.

Filed: April 19, 2023

Publish

---

[7] Tex. Fam. Code Ann. § 51.17(c).

[8] *Gonzales*, 67 S.W.3d at 912-13 (recognizing that § 52.02(b) of the Family Code does not contain an independent exclusionary mechanism but that a statement taken in violation of § 52.02(b) could be excluded under Article 38.23(a) if there is a causal connection between the violation and the statement).

[9] *Romero v. State*, 800 S.W.2d 539, 543-44 (Tex. Crim. App. 1990) (a trial judge's decision regarding the suppression of evidence will be upheld if correct on any theory of law applicable to the case).